ALDERMAN, Justice.
The District Court of Appeal, Fourth District, has certified the following question:
Does a defendant have automatic standing to challenge the legality of a search or seizure if he is charged with an offense that includes, as an element of that offense, possession of the seized material at the time of the contested search and seizure?
Daley v. State, 387 So.2d 971 (Fla. 4th D.C.A. 1980).
Relying upon Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and United States v. Salvucci, 599 F.2d 1094 (1st Cir. 1979), holding that the automatic standing rule announced in Jones was still the law, the district court held that the defendants in this case had automatic standing to challenge the legality of the searches and seizures, and it reversed the trial court’s findings in this regard.
Because the Supreme Court had granted certiorari in United States v. Salvucci, the district court certified this question to us. Subsequent to certification, however, the Supreme Court reversed the First Circuit’s decision in United States v. Salvucci and overruled the automatic standing rule of Jones v. United States. United States v. Salvucci, U.S. , 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
In view of the Supreme Court’s decision in Salvucci, we remand this cause to the district court for reconsideration. See also Rawlings v. Kentucky, - U.S. -, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).
It it is so ordered.
OVERTON, ENGLAND and MCDONALD, JJ., concur.
ADKINS, J., Acting C. J., dissents.